# United States District Court

### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| HOWARD JAMES REDMOND | § | |
| | § | |
| | § | |
| *Plaintiff,* | § | Civil Action No.  4:21-mc-006 |
| | § | Judge Mazzant |
| v. | § | |
| | § | |
| PRLAP, trustee, et al. | § | |
| | § | |
| *Defendants.* | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Pending before the Court is Plaintiff's complaint which seeks confirmation of an alleged arbitration award pursuant to 9 U.S.C. § 9 and registration of a judgment in this court pursuant to 28 U.S.C. § 1963 (Dkt. #1).  Having reviewed the complaint, the Court finds that it lacks subject matter jurisdiction over this matter and dismisses this case *sua sponte*.

## BACKGROUND

Plaintiff Howard James Redmond, proceeding *pro se*, filed this lawsuit against PRLAP, Trustee, Bank of America, N.A., Fannie Mae, Freddie Mac, MERS Holding Corp., and Nationstar Mortgage LLC (collectively "Defendants") seeking to confirm a purported arbitration award (Dkt. #1).  Along with his complaint, Plaintiff attached a copy of the alleged arbitration award (Dkt. #1, Exhibit 1), the alleged underlying contract between the parties (Dkt. #1, Exhibit 2), a Memorandum in Support of Demand to Confirm the Arbitration Award (Dkt. #1, Exhibit 3), an Affidavit of Demand for Registration of Foreign Judgment, (Dkt. #1, Exhibit 4), and other documents relating to legal principles (Dkt. #1, Enclosure 1; Dkt #1, Enclosure 2, Dkt. #1,

Enclosure 3).  Though the voluminous submissions by Plaintiff are not a model of clarity, the Court attempts to summarize the gravamen of Plaintiff's complaint.

According to Plaintiff, on or about September 6, 2019, the parties entered into an "agreement" which provided that the parties would settle any dispute arising out of the agreement by arbitration (Dkt. #1, Exhibit 3 at p. 1).  The "agreement" (Dkt. #1, Exhibit 2) is a document entitled "That Conditional Acceptance for the Value/Agreement/Counter Offer to Acceptance Offer" and subtitled "Show of Cause Proof of Claim Demand" (Dkt. #1, Exhibit 2 at p. 1).  It is addressed to the Defendants from Plaintiff, and states in part as follows:

> To the Holder in Due Course and/or agent and/or representative,
>
> I, howard james redmond jr., living man, have received your offer and accept your offer of your alleged "mortgage" under the following terms and conditions-That you provide the following proof of claim. *Your failure to provide proof of claim, and to accept payment for credit on account shall constitute a breach of this binding self-executing irrevocable contractual agreement* coupled with interest and subject the breaching party to fines, penalties, fees, taxes and other assessments.

(Dkt. #1, Exhibit 2 at p. 2) (emphasis added).  Strikingly absent from this "binding self-executing irrevocable contractual agreement" is any signature from any of the Defendants (*See* Dkt. #1, Exhibit 2 at pp. 28-29) (showing only a signature line for Plaintiff).  Rather, it appears that Plaintiff's theory is that this "agreement" arose based on Defendants' *failure to respond* to it.

Indeed, Plaintiff explains in the attached memorandum the steps that he unilaterally took, and to which Defendants did not respond, that resulted in the formation of the agreement and subsequent purported arbitration award (*See* Dkt. #1, Exhibit 3).  First, on or about September 6, 2019, Plaintiff mailed to the Defendants the "self-executing irrevocable contractual agreement" and "received no response" (Dkt. #1, Exhibit 3 at p. 2).  Then, on December 4, 2019, Plaintiff sent a "Notice of Default" to the Defendants, which also went unresponded to (Dkt. #1, Exhibit 3 at p. 2).  Accordingly, on or about January 5, 2020, pursuant to the alleged agreement, Plaintiff filed an

arbitration claim with Arbitrator Thomas Bradford Schaults, "claiming $50,000.00 x 6 = $300,000.00 total damages" (Dkt. #1, Exhibit 3 at p. 2).

The arbitration award (Dkt. #1, Exhibit 1) purports to have been issued by a company called Private International Arbitration Association,[1] and is signed by an arbitrator named Thomas Bradford Schaults[2] (Dkt. #1, Exhibit 1 at p. 1, 16). The document states that an arbitration hearing was conducted electronically on January 21, 2019, which the Defendants did not attend (Dkt. #1, Exhibit 1). According to the findings of Schaults, "the parties had a pre-established relationship which placed an obligation on each to communicate with the other" and the Defendants "failure to respond [] constituted an act of 'tacit acquiescence'" (Dkt. #1, Exhibit 1 at pp. 10–11). Therefore, since there was a "binding irrevocable contractual agreement" between the parties, the Defendants were ordered to pay Plaintiff $50,000 each (Dkt. #1, Exhibit 1 at p. 7).

On or about February 7, 2020, Plaintiff alleges he attempted to collect on the judgment "by billing/invoicing the [Defendants]," but the Defendants failed to comply (Dkt. #1, Exhibit 3 at p. 3). Accordingly, on January 7, 2021, Plaintiff filed suit in this Court, seeking "to confirm [the] arbitration award" pursuant to 9 U.S.C. § 9 and "demand[ing] that the Judgment be registered in this Court and that such Judgment be made a Foreign Judgment of this court . . . ." (Dkt. #1, Exhibit 3 at p. 1; Dkt. #1, Exhibit 4 at p. 2). The Defendants have not appeared in this action.

## LEGAL STANDARD

"Subject-matter jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). Federal jurisdiction exists only when a "federal question" is presented, 28 USC § 1331, or when there is "diversity of

---

[1] No arbitration association by the name of "Private International Arbitration Association" appears to exist. As such, this organization does not appear to be a legitimate arbitration association.

[2] The Court notes that Thomas Bradford Schaults also does not appear to hold any authority from any legitimate arbitration provider to conduct arbitrations.

citizenship" and the amount in controversy exceeds $75,000.00, 28 U.S.C. § 1332.  At any stage in the litigation, "the objection that a federal court lacks subject-matter jurisdiction . . . may be raised." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006).  Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)).  When a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety.  *Id.*; see also FED. R. CIV. P. 12(h)(3).

## ANALYSIS

Plaintiff asks the Court to confirm his alleged arbitration award pursuant to 9 U.S.C. § 9 and register his judgment in this Court pursuant to 28 U.S.C. § 1963 (Dkt. #1, Exhibit 3 at p. 6; Dkt. #1 at p. 5).

### I.    Subject Matter Jurisdiction

This Court must consider the issue of subject matter jurisdiction *sua sponte*. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001); *see also Arbaugh v. Y & H Corp.*, 546 U.S. at 514 ("[Federal] courts have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party").  Federal jurisdiction exists only when a "federal question" is presented, 28 USC § 1331, or when there is "diversity of citizenship" and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332.  The court "must presume that a suit lies outside of this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery*, 243 F.3d at 916 (5th Cir. 2001).

4

A party filing a motion under the FAA to confirm an arbitration award must allege facts showing an independent jurisdictional basis for the Court to consider that motion because the FAA, by itself, bestows no federal jurisdiction. *See  Hall St. Associates, L.L.C. v. Mattel, Inc*. 552 U.S. 576, 581–82 (2008); *see also Andrew v. Talbot*, 833 Fed. App'x. 473, 474 (10th Cir. 2021) ("The Federal Arbitration Act does not confer subject matter jurisdiction on federal courts absent an independent jurisdictional basis.").  Stated differently, "[a] district court has no authority to resolve a motion to confirm an arbitration award under § 9 of the FAA if the arbitration claims would not otherwise be subject to federal jurisdiction absent the arbitration agreement." *Brett-Andrew: House of Nelson v. Jackson*, 2020 WL 8458834, at *2 (N.D. Tex. Dec. 4, 2020), *rec. accepted*, 2021 WL 409999, (N.D. Tex. Feb. 5, 2021) (dismissing similar complaint by another Plaintiff seeking to confirm arbitration award for lack of subject matter jurisdiction).  "Such independent bases include diversity of citizenship under 28 U.S.C. § 1332 or federal question jurisdiction under 28 U.S.C. § 1331." *Quezada v. Bechtel OG & C Constr. Servs., Inc.*, 946 F.3d 837, 841 (5th Cir. 2020) (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 26 n.32 (1983)).

Recently, the Supreme Court of the United States confirmed the aforementioned test to determine when a federal district court may assert jurisdiction over a request to confirm or vacate an arbitral award under Sections 9 and 10 of the FAA, 9 U.S.C. § 1 *et seq*.  *Badgerow v. Walters*, 142 S. Ct. 1310, 1314, 212 L. Ed. 2d 355 (2022).  The Supreme Court ultimately concluded that "Section 9 and 10 applications conform to the normal—and sensible—judicial division of labor: The applications go to state, rather than federal, courts when they raise claims between non-diverse parties involving state law." *Badgerow*, 142 S. Ct. at 1321.  Although the underlying dispute "may have originated in the arbitration of a federal-law dispute[,]" "the underlying dispute is not now at issue."  *Id*.  "Rather, the application concerns the contractual rights provided in the arbitration

agreement, generally governed by state law." *Id.* "And adjudication of such state-law contractual rights [ ] typically belongs in state courts." *Id.* at 1321-1322.

Here, Plaintiff asserts that this Court has jurisdiction under 28 U.S.C. § 1331[3] because "complete diversity exist[s] and the amount is over $75,000.00" and 28 U.S.C. §1963 because "this is for the registration of judgments for enforcement in other districts" (Dkt. #1, Exhibit 3 at pp. 1-2). Accordingly, Plaintiff alleges that jurisdiction is proper through diversity jurisdiction and federal question jurisdiction. The Court disagrees. While the Court must liberally construe pleadings filed by *pro se* litigants, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), even under the most liberal construction, Plaintiff has failed to allege facts supporting federal question or diversity jurisdiction.

## A.  Jurisdiction Under 28 U.S.C. § 1332— Diversity of Citizenship

Subject matter jurisdiction exists under 28 U.S.C. § 1332 only when there is complete diversity of citizenship between the parties and the matter in controversy exceeds $75,000. *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014). "Complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (citing 28 U.S.C. § 1332). For diversity purposes, an individual is a citizen of the state where he is domiciled. *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313–314 (5th Cir. 2019). A corporation is a citizen of the state, or states, of its incorporation and the state where its principal place of business is located. *Id.* Importantly, "plaintiff must state all parties' citizenship such that the existence of complete diversity can be confirmed." *Whitmore v. Victus Ltd.*, 212 F.3d

---

[3] Section 1331 authorizes federal question jurisdiction, not diversity of citizenship jurisdiction. However, Plaintiff alleges that the Court has jurisdiction under § 1331 because "complete diversity exist[s] and the amount is over $75,000 . . . " (Dkt. #1 at p. 5). Thus, the Court will assume that Plaintiff meant to refer to § 1332.

885, 888 (5th Cir. 2000); *see also Vela v. Manning*, 469 Fed. Appx. 319, 320 (5th Cir. 2012) (not selected for publication).  Similarly, the party invoking jurisdiction under § 1332 is responsible for showing that the parties are completely diverse. *See Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980); *see also Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir.1988) ("The burden of proving that complete diversity exists rests upon the party who seeks to invoke the court's diversity jurisdiction.")

Here, beyond a conclusory allegation that jurisdiction is proper because there is "complete diversity," Plaintiff alleges no facts showing that there is complete diversity between the parties. Indeed, although it is his obligation to "distinctively and affirmatively" allege the citizenship of the parties, *see McGovern v. American Airlines, Inc*., 511 F.2d 653, 654 (5th Cir.1975), the Plaintiff's complaint does not provide any facts about the Defendants' citizenship.  While the alleged contract between the parties provides addresses of the parties, including Texas addresses for the Plaintiff and three of the Defendants and non-Texas addresses for the remaining Defendants, this is insufficient (See Dkt. #1, Exhibit 2).  Plaintiff provides no other detail or allegations regarding citizenship. *See Duru v. Texas State Court*, No. 3:15-CV-1855-L, 2016 WL 791449, at *4 (N.D. Tex. Feb. 11, 2016), *report and recommendation adopted*, 3:15-CV-1855-L, 2016 WL 775847 (N.D. Tex. Feb. 29, 2016) (finding the mere listing of addresses to be insufficient to establish the citizenship of the parties).  Further, even assuming that the list of addresses was sufficient to establish the citizenship of the parties, the face of Plaintiff's complaint demonstrates that complete diversity does not exist—since the Plaintiff and three of the Defendants are citizens of Texas. *See Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir.1992) ("[A] district court cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as one of the defendants.").  For these reasons, Plaintiff has failed to show complete diversity between the

parties.  As such, the Court need not address the amount in controversy component of diversity jurisdiction.

**B.  Jurisdiction Under 28 U.S.C. § 1331—Federal Question**

Plaintiff also asserts this Court has federal question jurisdiction because his suit is "for the registration of judgments for enforcement in other districts" under § 1963  (Dkt. #1 at p. 5).  However, this argument is also unavailing.

Federal question jurisdiction exists in all civil actions arising under the Constitution, laws, or treaties of the United States. *Id.* § 1331.  To determine whether federal question jurisdiction exists, courts apply the "well-pleaded complaint" rule.  The well-pleaded complaint rule "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Elam v. Kan. City S. Ry. Co.*, 635 F.3d 796, 803 (5th Cir. 2011).  "Most directly, and most often, federal jurisdiction attaches when federal law creates the cause of action asserted." *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 578 U.S. 374, 383 (2016).  Therefore, if the Court finds a federally created cause of action on the face of the plaintiff's well-pleaded complaint, the Court may exercise federal question jurisdiction over the claim.

Here, while Plaintiff's complaint attempts to invoke the Court's jurisdiction under 28 U.S.C § 1963, this section does not provide a basis for federal question jurisdiction in this case.  Section 1963 provides, in pertinent part:

> A judgment in an action for the recovery of money or property entered in any court of appeals, district court, bankruptcy court, or in the Court of International Trade may be registered by filing a certified copy of the judgment in any other district or, with respect to the Court of International Trade, in any judicial district, when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown.... A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.

8

The "goal of this statute is to aid in the enforceability of federal judgments." *Calderon v. JPMorgan Chase Bank, N.A.*, No. 11-1910, 2012 WL 3484683, at *2 (E.D. La. Aug. 12, 2012) (citing *United States v. Kellum*, 523 F.2d 1284 (5th Cir.1975)).  But, "to be registrable, a judgment must be valid and subsisting in the jurisdiction of origin." *Id.* (citations omitted).  Further, "the plain language of § 1963 applies only to judgments issued by federal courts." *Id.* (collecting cases).

Here, the documents included in Plaintiff's "Demand for Registration of Foreign Judgment" do not contain a "certified copy" of a judgment from any federal court as required by 28 U.S.C § 1963.  Indeed, there is nothing in the documents that would qualify as a valid judgment from any recognized court, much less a federal court.  That is because the "judgment" he seeks to enforce was entered by an "arbitrator."  Notwithstanding that defect, the documents have been authored by Plaintiff, not by a court in connection with legitimate litigation. *See id*.  Accordingly, because nothing in § 1963 provides the Court with the jurisdiction to enforce an arbitrator's judgment—which Plaintiff purportedly seeks to do—there is no federal question jurisdiction under § 1963.

## II.    Action Dismissed as Frivolous

Even if there were subject matter jurisdiction, the action is wholly frivolous.  The Supreme Court has stated that "a suit may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes . . . is wholly insubstantial and frivolous." *Bell v. Hood*, 327 U.S. 678, 682-83 (1946); *see also Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (finding that a district court's authority to dismiss a claim extends to dismissal of claims that are clearly baseless").  The Fifth Circuit has found a claim is "wholly insubstantial and frivolous" under *Bell v. Hood* when that "claim has no plausible foundation." *Carmichael v. United Techs. Corp.*, 835 F.2d 109, 114 (5th Cir. 1988) (quoting *Williamson v. Tucker*, 645 F.2d 404, 416 (5th

Cir. 1981)).  Moreover, a court may *sua sponte* dismiss a complaint for lack of subject matter jurisdiction when the complaint is "'patently insubstantial,' presenting no federal question suitable for decision." *Vasaturo v. Peterka*, 203 F. Supp. 3d 42, 44 (D.D.C. 2016) (quoting *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994)), *aff'd*, No. 16-5271, 2017 WL 2332615 (D.C. Cir. Feb. 6, 2017). Stated differently, dismissal for lack of subject matter jurisdiction is appropriate when a complaint is "'obviously frivolous' factually." *Richard-Coulibaly v. Alanis*, No. 1:19-MC-11, 2019 WL 3752672, at *2 (E.D. Tex. Aug. 7, 2019) (quoting *Maringo v. McGuirk*, 268 F. App'x 309, 310 (5th Cir. 2008) (per curiam)).  Further, while courts liberally construe *pro se* complaints, "*pro se* status does not provide 'an impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Burroughs v. Shared Hous. Ctr*., No. 3:15-cv-333, 2015 WL 4077216, at *4 (N.D. Tex. June 17, 2015) (internal quotations omitted).  Indeed, a court need not "conjure up unpled allegations or construe elaborately arcane scripts" to save a *pro se* complaint. *Govea v. ATF*, 207 F. App'x 369, 372 (5th Cir. 2006) (per curiam).

Here, it is clear from the face of the complaint that there is no plausible foundation in Plaintiff's complaint.  While Plaintiff asks the Court to confirm his arbitration award under 9 U.S.C. § 9, it is clear that it is based on a legally baseless "contract" to which the Defendants never assented.  Stated differently, the action "is based on the indisputably meritless legal theory that an individual can fabricate an arbitration award and then enforce it in federal district court." *John v. Cent. Loan Admin. & Reporting*, No. 21-CV-1411, 2021 WL (1845913), at *3 (E.D.N.Y Apr. 13, 2021) (finding plaintiffs' purported award to be "bogus" because there was never an agreement to arbitrate").

Under the FAA, a court may confirm an arbitration award "[i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration . . . ." 9 U.S.C. § 9.  To obtain confirmation of an award, the statute requires the moving party to file (1) the agreement, (2) the award, and (3) each notice, affidavit, or other paper used to confirm, modify or correct the award. 9 U.S.C. § 13.  This allows the court to determine whether a valid arbitration agreement and award exist upon which it can base its judgment.  As the Supreme Court has repeatedly emphasized, arbitration is simply a matter of contract and consent. *Granite Rock Co. v. Int'l Bhd. Of Teamsters*, 561 U.S. 287, 299 (2010); *see also Volt Info. Sciences, Inc. v. Bd. of Trustees of Leland Stanford Junior Univ.*, 489 U.S. 468, 478 (1989) ("[T]he FAA does not require parties to arbitrate when they have not agreed to do so.").  Moreover, it is "well settled that where the dispute at issue concerns contract formation, the dispute is generally for courts to decide." *Granite Rock*, 561 U.S. at 296–97.

Here, Plaintiff has filed what he claims is the agreement between the parties that contains an arbitration clause (Dkt. #1, Exhibit 2).  However, nothing on the face of this document indicates that Defendants legally entered into any agreement with Plaintiff, including any agreement to arbitrate.  The document contains no indication that Defendants agreed to Plaintiff's terms.  Indeed, the document contains only Plaintiff's signatures—not any of the Defendant's.

While Plaintiff considers the document to be a "a self-executing" unilateral agreement, that idea is contrary to the law.  It is a fundamental principle of contract law that to create an enforceable contract, there must be a clear and definite offer followed by a clear and definite acceptance in accordance with the offer's terms. *See United Concrete Pipe Corp. v. Spin–Line Co.*, 430 S.W.2d 360, 364 (Tex. 1968).  And a purported acceptance that changes or qualifies an offer's material terms constitutes a rejection and counteroffer rather than an acceptance. *See id*.

Here, Plaintiff has failed to present any "agreement" because Defendants never consented to the terms of the so-called contract.  It is a fundamental principle of contract law that silence does not constitute acceptance of a contract.[4] Restatement (Second) of Contracts § 69 (Am. Law. Inst. 1981); *see also Orman v. Cent. Loan Admin. & Reporting*, No. CV-19-04756, 2019 WL 6841741, at *4 (D. Ariz. Dec. 16, 2019) (citing Restatement (Second) of Contracts § 69 and several states' case law, and vacating arbitration award that was based on similar unaccepted counteroffer). Further, Plaintiff's own statements make clear that the Defendants did not agree to the documents—he admits that he received "no response" to the purported agreement (Dkt. #1, Exhibit 3 at p. 2).

Moreover, Plaintiff's own statement that he would interpret a non-response as consent is legally irrelevant. *See* Restatement § 69 cmt. c. ("The mere fact that an offeror states that silence will constitute acceptance does not deprive the offeree of his privilege to remain silent without accepting.").  Because the Court finds Defendants did not agree to be bound by the contract Plaintiff allegedly mailed to them on September 6, 2019, the parties could not have agreed to the arbitration provision buried in Plaintiff's purported contract.  Thus, the purported arbitration award is an "obvious sham and there can be no valid action based thereon." *See In re Matter of: Arbitration Award of Robert Presley of Hmp Arbitration Servs.*, No. 4:19-CV-00088-DN-PK, 2019 WL 10817149 (D. Utah Nov. 13, 2019) (denying motion to confirm arbitration against lender and loan servicer based on tacit approval theory, calling the purported arbitration award an "obvious sham," and dismissing the action sua sponte, with prejudice).

---

[4] While there are three exceptions to the general rule that silence does not constitute acceptance, none apply here either. The three circumstances where silence may constitute acceptance are: (1) the offeree takes the offered benefit with reason to know it was offered with the expectation of compensation; (2) the offeree, in remaining silent, intends to accept the offer; and (3) previous dealings between the parties give rise to the inference that silence constitutes acceptance. *See* Restatement § 69 cmt. a.

The Court's finding that this action is patently baseless and frivolous is underscored by the decisions of other district courts around the country that have reached similar conclusions and refused to enforce similar sham arbitration awards.[5] *See, e.g.*, *John v. Cent. Loan Admin. & Reporting*, No. 21-CV-1411, 2021 WL (1845913), at *3 (E.D.N.Y Apr. 13, 2021) (finding plaintiffs' purported award to be "bogus" because there was never an agreement to arbitrate"); *Brett-Andrew: House of Nelson v. Jackson*, No. 1:20-069, 2021 WL 409999, at *1 (N.D. Tex. Feb. 5, 2021) (dismissing for lack of subject-matter jurisdiction plaintiff's action seeking to confirm an alleged $20,000,000 arbitration award against Respondents); *Elfar v. Wilmington Tr., N.A.*, No. 20-MC-0273, 2020 WL 7074609, at *1 (E.D. Cal. Dec. 3, 2020) (dismissing as frivolous an action to enforce an 8-million-dollar arbitration award); *Quamina v. U.S. Bank Nat'l. Ass'n.*, No. 20-CV-61637, 2020 WL 9349559, at * (S.D. Flo. Dec. 24, 2020) (noting plaintiff's fake arbitration award scheme is "commonplace" and dismissing action); *In Re the Matter of: Arbitration Award of Robert Presley of HMP Arbitration Servs. v. Bayview Loan Servs., LLC*, 2019 WL 10817149 at *2 (D. Utah Nov. 13, 2019) *aff'd sub nom. Wicker v. Bayview Loan Servs., LLC,* 19-CV-4169, 2021 WL 270974, at *1 (10th Cir. Jan. 27, 2021) (denying motion to confirm arbitration against lender and loan servicer based on tacit approval theory, calling the purported arbitration award an "obvious sham," and dismissing the action *sua sponte*, with prejudice); *Graves v. Select Portfolio Servicing, Inc.*, No. 20-CV-00458, 2020 WL 7365662, at *4 (D. Utah Nov. 9, 2020) (finding "HMP" is a "sham arbitrator," citing cases, and recommending dismissal of action to confirm arbitration award be dismissed with prejudice), *report and recommendation adopted*, 20-CV-00458, 2020 WL 7352736 (D. Utah Dec. 15, 2020); *Prince v. TD Bank N.A.*, 20-CV-0660, 2020 WL 8991788, at *1 (S.D.N.Y. Mar. 23, 2020) (denying plaintiff's motion to confirm an arbitration

---

[5] Plaintiff has also filed similar cases in this Court based on similar allegations.

award after opportunity to show cause because the Court lacks subject-matter jurisdiction to consider it, the defendants did not agree to arbitrate, and because the motion is frivolous).

### III.      Futility of Allowing Opportunity to Amend

The Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir.1998); *Scott v. Byrnes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008). Indeed, "[g]enerally, . . . a *pro se* litigant should be offered an opportunity to amend his [or her] complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam)).   However, granting leave to amend is not required if the plaintiff has already pleaded his best case.  *Id.*  Indeed, where a court finds that the plaintiff has alleged his or her best case, dismissal with prejudice without an opportunity to amend is appropriate. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).  In this manner, an opportunity to replead is "unnecessary where the facts alleged are 'fantastic or delusional scenarios' or where the legal theory upon which a complaint relies is 'indisputably meritless.'" *Gregory v. McKennon*, 430 Fed. App'x 306, at *1 (5th Cir. 2011) (quoting *Eason v. Thaler*, 14 F.3d 8, 9 n.5 (5th Cir. 1994)).

Here, granting leave to amend would be futile because the Court lacks subject matter jurisdiction and the Court has determined that Plaintiff's claims are factually frivolous. *See, e.g., Deng v. Fed. Bureau of Investigation Agencies*, No. 2:20-CV-154, 2021 WL 742297, at *6 (N.D. Tex. Jan. 26, 2021) (recommending to deny leave to amend because the *pro se* plaintiff's claims were "fantastic and delusional and [] thus factually frivolous"), *report and recommendation adopted*, No. 2:20-CV-154-Z, 2021 WL 735207 (N.D. Tex. Feb. 25, 2021); *Isom v. U.S. Dep't of Homeland Sec.*, No. 4:20-cv-948, 2021 WL 2232052, at *3 (E.D. Tex. Apr. 28, 2021), *report and*

*recommendation adopted*, 2021 WL 2224345 (E.D. Tex. June 2, 2021) (recommending that the Court dismiss *pro se* plaintiff's complaint without leave to amend because the court lacked subject matter jurisdiction and given "the incredible nature of the events alleged in this case"); *Flowers v. Acuity Brands Lighting*, No. 3:19-CV-2090-S-BK, 2019 WL 10835996, at *2 (N.D. Tex. Oct. 1, 2019) (recommending the *pro se* plaintiff be denied leave to amend because it was clear in the original complaint that the court lacked subject matter jurisdiction), *report and recommendation adopted*, No. 3:19-CV-2090, 2020 WL 5983203 (N.D. Tex. Oct. 8, 2020); *Narkin v. Reagan*, No. G-06-449, 2006 WL 2591036, at *1 (S.D. Tex. Sept. 7, 2006) (denying the *pro se* plaintiff leave to amend because a federal court "is powerless to grant leave to amend when it lacks jurisdiction over the original complaint").

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's claims against all of the Defendants are **DISMISSED *SUA SPONTE* WITHOUT PREJUDICE** for lack of subject matter jurisdiction.[6]

---

[6] While the Court notes that federal courts across the country have dismissed similar complaints with prejudice as well as without prejudice, the Court regretfully finds it proper to dismiss this complaint without prejudice. *Compare In re Matter of: Arbitration Award of Robert Presley of HMP Arbitration Servs.*, No. 19-CV-00088, 2019 WL 10817149, at *2 (D. Utah Nov. 13, 2019) (dismissing action with prejudice because "the purported award [was] an obvious sham"), *with, John*, 2021 WL 1845913, at *3 (dismissing case without prejudice "for lack of subject matter jurisdiction and because it is frivolous"). The Fifth Circuit has made it clear that courts should consider jurisdictional issues before addressing any attack on the merits. *See Ramming*, 281 F.3d at 161; *see also Hitt*, 561 F.2d at 608 ("Ordinarily, where both [] grounds for dismissal apply, the court should dismiss only on the jurisdictional ground under FED. R. CIV. P 12(b)(1), without reaching the question of failure to state a claim under FED. R. CIV. P 12(b)(6)."). That is why it was proper for the Court to dismiss the complaint under FED. R. CIV. P. 12(h)(3)—instead of 12(b)(6). Significantly, this—the underlying basis for the Court's dismissal—has important consequences in another context—whether the action is dismissed with prejudice or without prejudice. *See Hitt*, 561 F.2d at 608 ("Dismissal with prejudice for failure to state a claim is a decision on the merits and essentially ends the plaintiff's lawsuit, whereas a dismissal on jurisdictional grounds alone is not on the merits and permits the plaintiff to pursue his claim in the same or in another forum."). Moreover, the Fifth Circuit has recently expressly reiterated "that a jurisdictional dismissal must be without prejudice" *Carver*, 18 F.4th at 498; *see also Mitchell v. Bailey*, 982 F.3d 937, 944 (5th Cir. 2020) (explaining that a court's dismissal of a case resulting from a lack of subject matter jurisdiction should be made without prejudice). Thus, as a result of adherence to Fifth Circuit precedent, the Court finds that the action should be dismissed without prejudice.

Although the Court is without jurisdiction to rule on the subject matter of this case, the Court hereby **REFERS** this lawsuit to the United States Attorney's Office for investigation.

All relief not previously granted is hereby denied.

The Clerk is directed to close this civil action.

**IT IS SO ORDERED.**

**SIGNED this 5th day of August, 2022.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE